Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 1634 | **DATE** | 10/20/2003 |
| **CASE TITLE** | Bill Shulman et al vs. CRS Financial Services, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendants' motion to dismiss plaintiff Barbieri's claims for improper venue is granted. Defendants' motion to dismiss plaintiff Shulman's federal claim for lack of subject matter jurisdiction is granted with prejudice, and we decline jurisdiction over Shulman's state claims. Because we have dismissed plaintiffs' first amended complain in its entirety for improper venue and lack of subject matter jurisdiction, we do not reach the merits of defendants' remaining arguments. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 21 2003 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BILL SHULMAN and MELISSA BARBIERI, on behalf of themselves and all persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 03 C 1634 |
| v. | ) ) | Wayne R. Andersen District Judge |
| CRS FINANCIAL SERVICES, INC., NATIONAL CONSUMER RESOURCE CENTER, INC., and ADVANCE MARKETING SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of defendants, CRS Financial Services, Inc., National Consumer Resource Center, Inc. and Advance Marketing Services, Inc., to dismiss the First Amended Complaint of plaintiffs Bill Shulman and Melissa Barbieri pursuant to Federal Rules 12(b)(1), (b)(2), (b)(3), (b)(6) and 9(b), or in the alternative to transfer venue to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, we grant the motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction and improper venue.

## BACKGROUND

Plaintiffs have filed a complaint on behalf of a nationwide class against Defendants for violations of the Credit Repair Organizations Act, the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud Act for their alleged engagement in unlawful business practices in debt management services. Defendants CRS Financial Services, Inc. ("CRS"), National



Consumer Resource Center, Inc. ("NCRC") and Advance Marketing Services, Inc. ("AMS") have moved to dismiss Plaintiffs' Amended Complaint for lack of subject matter and personal jurisdiction, improper venue, failure to state a claim and failure to plead fraud with specificity, or in the alternative have moved to transfer this matter to the Southern District of Florida.

The allegations in the Amended Complaint are based on two contracts. Plaintiff Shulman entered into a contract with CRS for certain debt management services, including the timely payment of plaintiff's debts, a reduction in the interest rate charged by plaintiff's creditors and lower monthly payments, and plaintiff Barbieri entered into a contract with defendants NCRC and AMS for similar services. Plaintiffs claim that Defendants have failed to perform under the contracts as promised.

Plaintiffs specifically rely on and quote language of the contracts at issue in their Amended Complaint yet do not attach the contracts to the Complaint. Defendants have submitted copies of the contracts with an affidavit from Leonard Rubino President of CRS and AMS who attests that the attached exhibits are true and correct copies of the contracts between Plaintiff Shulman and CRS and Plaintiff Barbieri and NCRC and AMS. Plaintiffs do not dispute the validity of the contracts and, in fact, continue to rely upon the contracts in their opposition brief. For purposes of this motion to dismiss, we take judicial notice of these contracts and consider them in the resolution of Defendants' motion to dismiss.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not

to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiffs to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The plaintiffs' allegation must affirmatively establish jurisdiction and venue as to each defendant or be dismissed. *Haedike v. Kodiak Research, Ltd.*, 814 F. Supp. 679, 684 (N.D.Ill. 1992).

I.  **Plaintiff Barbieri's Claims**

Defendants contend that Barbieri's claims should be dismissed for improper venue pursuant to Federal Rule 12(b)(3). At issue is the interpretation and application of the forum selection clause in Barbieri's contract with NCRC and AMS. Paragraph 18 of the parties' contract contains a forum selection clause which states:

> This agreement is to be governed by, and construed in accordance with, the laws of the State of Florida and venue shall be proper only in the State Courts located in Broward County, Florida. It is acknowledged that this agreement was negotiated, executed and performed exclusively within Broward County, Florida.

It is well-settled that contractual forum selection clauses are prima facie valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1977), and that interpretation of such a clause is a matter of federal law. *Vijuk Equip. Corp. v. Guk-Falzmaschinen Griesser & Kunzmann, GmbH & Co.*, 902 F. Supp. 162, 163-64 (N.D. Ill. 1995).

Plaintiff Barbieri, however, argues that the forum selection clause applies only in the limited context of the enforcement and interpretation of the contract and that the clause is not applicable to this case because Barbieri has not filed a claim for breach of contract. We disagree.

3

The claims alleged in the Amended Complaint arise out of Barbieri's contract with NCRC and AMS. Indeed, the allegations are based on defendants NCRC's and AMS's alleged failure to perform under the contract. Plaintiff cannot avoid the application of the forum selection clause simply because she has not alleged a breach of contract claim.

Another judge in this District recently considered and rejected the same argument asserted here. In *Sompo Japan Ins. Inc. v. Alarm Detection Sys., Inc.*, No. 03 C 2322, 2003 WL 21877615 (N.D.Ill. Aug. 6, 2003) (Coar, J.), the plaintiff argued that a contractual forum selection clause only applied to actions to enforce the contract and that claims in tort and under the Illinois Consumer Fraud Act were not subject to the clause. The court rejected the plaintiff's argument and found that the claims were based on and arose under the contract and therefore were subject to the forum selection provision.

This case is not any different. Specifically, Barbieri's contract mandates that the "agreement is to be governed by, and construed in accordance with, the laws of the State of Florida and venue shall be proper only in the State Courts located in Broward County, Florida." Thus, venue is not proper in this Court, and Defendants' motion to dismiss plaintiff Barbieri's claims for improper venue is granted.

## II. Plaintiff Shulman's Claims

Defendants contend that Shulman's claims should be dismissed for lack of subject matter jurisdiction because, as a matter of law, he cannot state a claim for relief under the Credit Repair Organizations Act ("CROA"). Shulman does not dispute that he entered into his contract with CRS on March 17, 1997. The CROA, however, did not become effective until April 1, 1997. Specifically, the CROA states:

4

> This title [15 U.S.C. § 1679 *et seq.*] shall apply after the end of the 6-month period beginning on the date of the enactment of the Credit Repair Organizations Act [enacted September 30, 1996], except with respect to contracts entered into by a credit repair organization before the end of such period.

15 U.S.C. 1679. By its express terms, the CROA provides that it is to be applied prospectively to contracts entered into after its effective date, which is April 1, 1997. *F.T.C. v. Gill*, 265 F.3d 944, 949 (9th Cir. 2001) (recognizing that the CROA became effective on April 1, 1997). Plaintiff does not dispute that April 1, 1997 is the effective date of the CROA. However, Shulman argues that Defendants cannot avoid application of the CROA because Defendants allegedly engaged in deceptive conduct toward Shulman in violation of the CROA after April 1, 1997.

We disagree. There is no dispute that Shulman entered into his contract with CRS before the effective date of the CROA. Thus, the only thing that would save Shulman's CROA claim is whether the statute has retrospective application. In determining whether an statute has prospective or retrospective application, courts must consider congressional intent and whether Congress has expressly prescribed the statute's reach. *See Stone v. Hamilton*, 308 F.3d 751, 754-55 (7th Cir. 2002) (courts must look to the face of the statute to determine whether Congress has proscribed its reach); *Native American Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1043-44 (N.D. Ill. 2003) (recognizing that when congressional intent is clear that a statue is to be applied prospectively, then "intent controls").

As cited above, the CROA expressly states that the statute "shall apply after the end of the 6-month period beginning on the date of the enactment of the Credit Repair Organizations Act [enacted September 30, 1996], except with respect to contracts entered into by a credit repair

organization before the end of such period." 15 U.S.C. § 1679. In light of the clear congressional intent to have the CROA apply prospectively to contracts entered into on or after April 1, 1997, Shulman is foreclosed from bring a claim under the Act because his contract with CRS was executed on March 17, 1997, two weeks before the CROA's effective date. Thus, Shulman's federal claim is dismissed with prejudice.

### III.  Pendent State Court Claims

In addition to the alleged violations of the Credit Repair Organizations Act raised in Count I of the Amended Complaint, Plaintiffs have also alleged state claims for violations of the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud Act in Counts II and III of the Amended Complaint. The general rule in this Circuit is that, when a federal claim is dismissed, federal courts should relinquish jurisdiction over the supplemental state court causes of action. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). Therefore, because we have dismissed Barbieri's federal claim for improper venue and Shulman's federal claim for lack of subject matter jurisdiction, we similarly will dismiss Plaintiffs' supplemental state claims in Counts II and III of the Amended Complaint.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss plaintiff Barbieri's claims for improper venue is granted. Defendants' motion to dismiss plaintiff Shulman's federal claim for lack of subject matter jurisdiction is granted with prejudice, and we decline jurisdiction over Shulman's state claims. Because we have dismissed Plaintiffs' First Amended Complaint in its

entirety for improper venue and lack of subject matter jurisdiction, we do not reach the merits of Defendants' remaining arguments. This case is terminated.

It is so ordered.

_Wayne Andersen_

Wayne R. Andersen

United States District Judge

Dated: October 20, 2003